UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LINKABLE NETWORKS, INC., | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. _____ |
| v. | ) ) | |
| LINKABLE, LLC, | ) ) | |
| Defendant. | ) ) ) | |

## COMPLAINT AND JURY DEMAND

Plaintiff Linkable Networks, Inc., by its attorneys Foley Hoag LLP, for its Complaint

against defendant Linkable, LLC, alleges as follows:

### Introduction

1.      This is an action for cancellation of a registered trademark, trademark

infringement, and related causes of action.

### The Parties

2.      Plaintiff Linkable Networks, Inc. ("LNI") is a corporation organized under the

laws of Delaware, with its principal place of business at 268 Summer Street, Boston, MA 02210.

3.      On information and belief, defendant Linkable, LLC ("LLLC") is a limited

liability company organized under the laws of Delaware, with its principal place of business

located at 5542 Valkeith Drive, Houston, TX 77096.

**Jurisdiction and Venue**

4.      This is an action arising under the Lanham Act, 15 U.S.C. § 1051 *et seq.* and at common law.  This court has jurisdiction over the Lanham Act claims pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331, and 28 U.S.C. § 1338(a).

5.      This Court has supplemental jurisdiction over all other claims stated herein pursuant to 28 U.S.C. § 1367(a), as such claims and the Lanham Act claims arise from a common set of operative fact and form a part of the same case or controversy.

6.      This Court has personal jurisdiction over LLLC because LLLC by its acts of infringement has caused tortious injury in the Commonwealth of Massachusetts.

7.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), and (c).  The acts of infringement that are the subject of this litigation were aimed and directed toward a party in the District of Massachusetts and victims of the infringing activities may be found in the District of Massachusetts.

**Facts**

<u>LLLC's Infringement of LNI's Marks</u>

8.      LNI is engaged in the business of online marketing and advertising and uses certain trademarks in connection with the services it provides, including LINKABLE NETWORKS and MY LINKABLES.

9.      Specifically, LNI has built a new advertising functionality that converts TV, radio, print, banner, text, video, or mobile ads into what it refers to as "linkable offers" or "card-linked offers."  Through such offers, LNI is transforming the way that consumers take advantage of great savings from the brands they love while delivering pinpoint targeting and attribution for advertisers.  LNI's technology allows consumers to link store-level and manufacturer-level offers

directly to their credit or debit card of choice, with no point-of-sale integration, no mail-in rebates and no paper coupons - and the discounts appear directly on the consumer's bank statement.  LNI is thereby bridging the gap between advertisers, brands, consumers and financial institutions.

10.     LNI's sole office is in Boston Massachusetts.  LNI operates websites at www.linkablenetworks.com and www.mylinkables.com.

11.     On information and belief, LLLC is located in Houston, Texas and operates a website at www.linkable.com.

12.     On information and belief, LLLC's website provides a free, web-based software application to organize and access the user's personal bookmarks.  Bookmarks are saved website addresses, which a user might wish to visit frequently.  This software application is self-contained and does not offer functionality by which other software programs may communicate with it directly.

13.     Upon information and belief, LLLC's bookmarking service is in the "alpha" stage.  The "alpha" stage generally occurs prior to the "beta" stage of development.

14.     Upon information and belief, LLLC does not offer card-linked offers or any services even remotely related to the services of LNI.

15.     LLLC filed a meritless lawsuit for trademark infringement and related claims against LNI in the United States District Court for the Southern District of Texas under Civil Action No. 4:12-cv-295 (the "Texas Action").  In the Texas Action, LLLC alleged that there is a likelihood of confusion as to the source of the bookmarking services it offers on the one hand and the marketing and advertising services that LNI offers on the other.

16.     On information and belief, after having filed the Texas Action, LLLC purchased click-through advertising services on the Google AdWords internet advertising platform in order to direct traffic to its website.  In so doing, LLLC willfully selected advertising keywords it knew to be identical to or confusingly similar to trademarks owned by LN, including, without limitation, "Linkable Networks" (the "Infringing Keywords").

17.     On information and belief, LLLC had no legitimate business reason to select the Infringing Keywords.

18.     On information and belief, LLLC's selection of the Infringing Keywords was a calculated act, specifically aimed at LNI, which LLLC knew to be a corporation with its principal place of business located in Massachusetts.  LLLC's conduct was intended to cause, and did cause, harm to LNI in Massachusetts.

19.     On information and belief, LLLC willfully selected the Infringing Keywords for the purposes of diverting internet search traffic away from LNI and toward its own website so that people looking for LNI's website would instead be directed to LLLC's website.

20.     On information and belief, LLLC sought to divert internet traffic away from LNI's website and toward its own for the purposes of creating purported evidence of actual confusion between LNI and LLLC to support LLLC's legal claims in the Texas Action.

21.     The ad provided by LLLC which was viewable by individuals using the Infringing Keywords to complete a Google search stated "Join Linkable Today / Linkable.com" and "Easily Save Any Online Page to Your Linkable Acct With Our Web Button!" (the "Infringing Ad").

22.     The Infringing Ad is likely to cause confusion, mistake, and deception among the general public as to the origin of LLLC's services and/or as to sponsorship by, affiliation with, and/or connection to LNI.

Non-Use and/or Abandonment of LLLC's Mark

23.     LLLC owns U.S. Trademark Registration No. 4,071,374 for the mark LINKABLE (the "Challenged Registration") with "application service provider featuring application programming interface (API) software for allowing internet users to create, bookmark, annotate, and publicly share data" as the identification of services, which was issued on December 13, 2011.  LLLC asserted the registration against LNI in the Texas Action.

24.     An application programming interface ("API") is a source-code-based software specification (i.e. a defined piece of functionality within the software) which is used as an interface between different software components and which allows the different software components (either within the same software program or between two different software programs) to communicate with one another in a specific, defined manner.  For example, Company A, which utilizes proprietary software allowing customers to purchase products online, may wish to allow Company B, which provides an internet shopping blog, to interface with Company A's proprietary software.  This would permit visitors to Company B's blog to purchase items provided by Company A through its proprietary software directly on Company B's blog, without having to visit Company A's website to complete the transaction.  To facilitate this functionality, Company A may create and publish an API that Company B can utilize, allowing Company B's blog to communicate directly with  Company A's proprietary software and permitting visitors to Company B's blog to complete a purchase.  In this and in all instances, an API is a software specification that is used by software programmers to create an interface

between software components.  An API is not utilized by or otherwise visible to the end user of either software component with which it interfaces.

25.     On information and belief, the web-based application provided by LLLC is facilitated via a graphical user interface (GUI), which is the graphical content of the web-based application provided by LLLC that the end user interacts with, for example, via mouse clicks, to utilize the web-based application.

26.     An API is a specific software specification, invisible to a software end user, that is distinct and different from a GUI, which by its definition is utilized by the end user of a software application.

27.     On information and belief, LLLC has not published nor offered an API in association with the web-based application service that it provides or for any other purpose. Therefore, LLLC does not and never has provided in interstate commerce a web-based service "featuring application programming interface (API) software for allowing internet users to create, bookmark, annotate, and publicly share data," as described in the Challenged Registration, and/or LLLC has abandoned its trademark rights in relation to the Challenged Registration.

28.     Because LLLC has never provided in interstate commerce the services described in the Challenged Registration, the Challenged Registration is invalid.

29.     Pursuant to 37 C.F.R. § 2.71(a), changes or amendments to the identification of goods and services of a trademark registration which broaden the identification are not permitted and will not be allowed.

30.     LLLC cannot change or amend the identification of services in the Challenged Registration to remove the reference to an API and/or to include reference to the manner in

which it may actually provide services without improperly expanding the identification of services of the Challenged Registration.

31.     In addition, on information and belief, LLLC had not yet provided any services in interstate commerce in connection with the LINKABLE mark subject to the Challenged Registration on May 5, 2010, contrary to the Statement of Use filed with the Patent and Trademark Office by LLLC on November 8, 2011.

32.     LNI owns a pending application for federal registration of the mark LINKABLE NETWORKS bearing Serial No. 85/425,719 for advertising and marketing.  On or about January 5, 2012, the Patent and Trademark Office conducted a search of its records and determined that the records contained no registered or pending marks which were confusingly similar to LINKABLE NETWORKS.   In particular, the Patent and Trademark Office did not identify the Challenged Registration for LINKABLE owned by LLLC as confusingly similar with LNI's application for LINKABLE NETWORKS.

33.     LNI owns a pending application for federal registration of the mark LINKABLES bearing Serial No. 85/425,736 for advertising and marketing.  On or about January 5, 2012, the Patent and Trademark Office conducted a search of its records and determined that the records contained no registered or pending marks which were confusingly similar to LINKABLES.   In particular, the Patent and Trademark Office did not identify the Challenged Registration for LINKABLE owned by the LLLC as confusingly similar with LNI's application for LINKABLES.

34.     LLLC has asserted that LNI uses trademarks that infringe the Challenged Registration.

35.     LNI has been and continues to be damaged by the continued registration of the Challenged Registration and is entitled to seek to cancel same.

## COUNT I:
### Trademark Infringement and False Designation of Origin
### in Violation of § 43(a) of the Lanham Act (15 U.S.C. § 1125(a))

36.     LNI restates and incorporates by reference the allegations set forth in paragraphs 1 through 35 of its Complaint.

37.     As described above, LLLC's use of the Infringing Keywords and Infringing Ad constitutes a use in commerce of a word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person.

38.     LNI has been, and continues to be, damaged by LLLC's conduct which has an adverse effect on LNI's goodwill and business identity.  LN, therefore, seeks actual damages related to LLLC's use of the Infringing Keywords and the Infringing Ad.

39.     Unless LLLC's conduct is enjoined, LNI's reputation and goodwill will continue to suffer irreparable injury that cannot be adequately compensated by monetary damages.  As such, LNI also seeks injunctive relief to enjoin LLLC's use of the Infringing Keywords, the Infringing Ad, and any and all other willful uses of LNI's intellectual property for the purposes of creating likelihood of confusion between itself and LNI.

## COUNT II:
## Common Law Trademark Infringement

40.    LNI restates and incorporates by reference the allegations set forth in paragraphs 1 through 39 above.

41.    LLLC has willfully used the Infringing Keywords and Infringing Ad in connection with the sale, offering for sale, distribution, and/or advertising of services not related to, affiliated with, or sponsored by LNI.

42.    LNI has been, and continues to be, damaged by LLLC's conduct which has an adverse effect on LNI's goodwill and business identity.  LN, therefore, seeks actual damages related to LLLC's use of the Infringing Keywords and the Infringing Ad.

43.    Unless LLLC's conduct is enjoined, LNI's reputation and goodwill will continue to suffer irreparable injury that cannot be adequately compensated by monetary damages.  As such, LNI also seeks injunctive relief to enjoin LLLC's use of the Infringing Keywords, the Infringing Ad, and any and all other willful uses of LNI's intellectual property for the purposes of creating likelihood of confusion between itself and LNI.

## COUNT III:
## Unfair and Deceptive Acts and Practices Pursuant to Mass. Gen. Laws ch. 93A

44.    LNI restates and incorporates by reference the allegations set forth in paragraphs 1 through 43 above.

45.    LLLC and LNI are engaged in the conduct of trade or commerce within the meaning of Mass. Gen. Laws ch. 93A.

46.    On information and belief, the infringing acts committed by LLLC were intended to cause and did in fact cause injury in the Commonwealth of Massachusetts.

47.     The infringing conduct by LLLC constitutes unfair or deceptive acts and practices within the meaning of Mass. Gen. Laws ch. 93A.

48.     Through the unfair and deceptive acts and practices described herein, LNI has been, and continues to be, damaged by LLLC's activities and conduct.  LLLC has profited thereby and, unless its conduct is enjoined, LNI will continue to suffer irreparable injury that cannot be adequately calculated or compensated by monetary damages.  Accordingly, LNI seeks injunctive relief pursuant to Mass. Gen. Laws ch. 93A, § 11.

49.     By its infringing acts, LLLC has intentionally and knowingly violated LNI's rights.  Accordingly, LNI is entitled to a judgment of three times its damages, together with reasonable attorneys' fees, pursuant to Mass. Gen. Laws ch. 93A § 11.

## COUNT IV:
### Trademark Cancellation Pursuant to 15 U.S.C. §§ 1064 and 1119

50.     LNI restates and incorporates by reference the allegations set forth in paragraphs 1 through 49 above.

51.     LLLC's failure to provide in interstate commerce services conforming to the identification of services in the Challenged Registration warrants cancellation of the Challenged Registration pursuant to 15 U.S.C. §§ 1064 and 1119.

52.     Upon information and belief, LLLC had not provided any services in interstate commerce as of May 5, 2010, as set forth in LLLC's Statement of Use filed with the Patent and Trademark Office, which warrants cancellation of the Challenged Registration pursuant to 15 U.S.C. §§ 1064 and 1119.

53.     Unless and until the Challenged Registration is cancelled, LNI will continue to be damaged.

## PRAYER FOR RELIEF

WHEREFORE, LNI respectfully requests judgment against LLLC as follows:

54.     Entering Judgment in favor of LNI and against LLLC on all claims;

55.     Awarding to LNI all damages that it has sustained, trebled pursuant to Mass. Gen. Laws ch. 93A § 11;

56.     Cancelling LLLC's U.S. Trademark Registration No. 4,071,374;

57.     Ordering that LNI be awarded all of LNI's costs and reasonable attorneys' fees and expenses;

58.     Ordering that LLLC pay pre-judgment interest on LNI's damages;

59.     Entering a preliminary and permanent injunction as is appropriate to prevent violations of the rights of LNI and to prevent violations of 15 U.S.C. § 1125, pursuant to 15 U.S.C. § 1116, the Massachusetts common law, and Mass. Gen. Laws ch. 93A § 11, restraining LLLC and its officers, directors, employees, agents, affiliates, successors, assigns, and all those in privity or acting in concert with them:

    a.      From in any way using LNI's marks or confusingly similar variations thereof as advertising keywords to divert internet traffic away from LNI's website and toward LLLC's website or any other website;

    b.      From otherwise infringing upon LNI's trademarks;

60.     Ordering that LNI be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

LNI hereby demands a trial by jury on all issues and claims so triable.

Respectfully submitted,

/s/ Julia Huston
Julia Huston (BBO #562160)
Anthony E. Rufo (BBO #675542)
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210
Telephone: 617-832-1000
Fax: 617-832-7000
jhuston@foleyhoag.com
arufo@foleyhoag.com

Counsel for Linkable Networks, Inc.

March 28, 2012

B3994139v3